**SIERRA CLUB et al.,
Plaintiffs-Appellants,**

v.

**Donald P. HODEL, as Administrator of
the Bonneville Power Administration,
Defendant-Appellee.**

No. 74–3366.

United States Court of Appeals,
Ninth Circuit.

Feb. 25, 1975.

William D. Rives (argued), of Davis, Wright, Todd, Riese & Jones, Seattle, Wash., for plaintiffs-appellants.

Larry A. Boggs, Dept. of Justice (argued), Washington, D. C., for defendant-appellee.

ORDER

Before ELY, TRASK and WALLACE, Circuit Judges.

The motion for injunction pending appeal is denied except as follows: No additional new clearing work shall be done on the power line corridor so that the timber, shrubs, etc. on the remaining approximately nine miles of planned corridor will not be cut or affected until the regular panel hearing this case orders otherwise.

ELY, Circuit Judge (dissenting):

The National Environmental Policy Act, 42 U.S.C. § 4321 et seq., became effective on January 1, 1970. Almost one year thereafter, i. e., on December 7, 1970, the Power Sales Contract that the appellant challenges was executed. This execution occurred despite the fact that no environmental impact statements, as required by 42 U.S.C. § 4332, were prepared and therefore subject to consideration before the execution of the contract. The contract involved massive projects which will, if completed and utilized, undeniably have a severe impact upon the environment of a large geographical area.

During the oral argument conducted in connection with the appellants' application for an injunction suspending work on the project pending the disposition of their appeal, the appellee's attorney conceded that there had been a "technical" violation of the law in the execution of the contract without the existence and benefit of the required environmental impact statement. In the light of this concession and in consideration of Lathan v. Brinegar, 506 F.2d 677 (9th Cir. 1974) (en banc), and National Forest Preservation Group v. Butz, 485 F.2d 408, 412 (9th Cir. 1973), I conclude that there is a fair likelihood that the appellants will be successful in their appeal to this court.

I would therefore grant the appellants' motion in its entirety, halting all further work on the project pending the disposition of the appeal on the merits. Such action, I think, would involve less risk to the appellee.